NESBITT, Judge.
The sellers appeal from a final judgment denying an injunction against the purchaser’s operation of a cocktail lounge. We reverse.
The facts were stipulated to at trial. The plaintiffs were prior owners of a certain parcel of land. In 1981, they conveyed this property to the defendant’s predecessor in interest subject to the following restriction:
*1029 There shall be no retail or wholesale units erected on this property prior to the year 2000.
The plaintiffs retained other property in the vicinity which is used for retail shopping centers.
This action was brought to enjoin the proposed construction of a cocktail lounge on the subject property. The case was tried on the narrow issue of whether the term “retail unit” encompasses a cocktail lounge. The trial court ruled as a matter of law that the lounge was not prohibited by the deed restriction.
It is well settled that a reasonable, unambiguous restriction will be enforced according to the intent of the parties as expressed by the clear and ordinary meaning of its terms. Barrett v. Leiher, 355 So.2d 222 (Fla.2d DCA 1978). The plain meaning of retail as defined by Webster’s New International Dictionary (2d ed. 1960), is “to sell in small quantities ... to sell directly to the consumer.” Clearly, the operation of a cocktail lounge is encompassed within this definition of retail.
We reject the defendant’s'argument that the retail sale is merely an incident of the service provided by a cocktail lounge. Undeniably, a lounge does provide a service; however, dispensing alcohol by the drink for a consideration predominates. Without it, the society of other patrons and the ambiance would be a dubious enticement at best.
Because we find that the dominant activity engaged in by a cocktail lounge is the sale of alcoholic beverages and that such a sale falls within the clear and unambiguous meaning of “retail,” we hold that the restrictive covenant should be enforced.
Reversed and remanded.